SARNOVSKY ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* SNYDER, EVANS & ANDERSON, INC. ET AL., APPELLEES AND CROSS-APPELLANTS.

(No. 86AP-900—Decided October 22, 1987.)

*Weisman, Goldberg, Weisman & Kaufman* and *Paul M. Kaufman,* for appellants and cross-appellees Judith A. and John Sarnovsky.

*Robert E. Frost & Associates, Robert E. Frost* and *David W. Carpenter,* for appellees Snyder, Evans & Anderson, Inc. and T. William Evans, D.D.S., M.D.

BOWMAN, J. Beginning in June 1982, appellant[1] was treated by appellee[2] for an open bite deformity, which treatment included surgery on September 13, 1982, December 5, 1982 and April 13, 1983. Appellee is licensed as both a physician and a dentist. Appellant states in her interrogatories that she last saw appellee on October 26, 1983. On September 21, 1983, appellant was examined by Richard Paley, M.D., who gave his opinion that appellee was negligent in his treatment of appellant. Similar opinions were expressed by Robert Mendelsohn, M.D., on October 19, 1983, and Bruce Epker, M.D., on November 27, 1983.

On or about September 24, 1984, appellant sent appellee written notice pursuant to R.C. 2305.11(A) and suit was filed on February 19, 1985.

Appellee filed a motion for summary judgment on the basis that appellant had failed to present any expert witness whose opinion controverted the affidavit by appellee filed in support of his motion for summary judgment, and that the statute of limitations had run against appellee who was acting in his capacity as a dentist. In her memorandum in opposition to the motion for summary judgment, appellant included an affidavit of Dr. Gordon Pedersen, a licensed dentist and oral surgeon, stating his opinion

[1] Reference made to "appellant" refers only to Judith A. Sarnovsky.

[2] Reference made to "appellee" refers only to T. William Evans, D.D.S., M.D.

that appellee provided substandard care.

The trial court sustained the motion for summary judgment finding that the claim against appellee was a medical claim brought against appellee as a physician, and that Dr. Pedersen, a dentist, was not qualified to testify against appellee, a physician, and further that Dr. Pedersen's affidavit failed to state whether he spends three-quarters of his professional time in the active clinical practice or in teaching at an accredited university. The court further found appellant's dental claim was barred by the statute of limitations.

Appellants set forth the following assignment of error:

"I. The trial court committed reversible error by improperly granting defendants-appellees' motion for summary judgment.

"A. Inasmuch as the case was timely filed against William Evans, M.D., then it is also timely filed against him as an oral surgeon or D.D.S.

"B. The plaintiffs' use of a 180 day letter was reasonable under the state of the law as it existed at the time. Plaintiffs should be permitted to justifiably rely on the law at the time; use of subsequent decisions to eradicate plaintiffs' claim is unfair, unust [sic] and violates the Equal Protection Clauses of the Ohio and U.S. Constitutions.

"C. Inasmuch as both medical and dental treatment were involved here, and plaintiffs' expert oral surgeon is knowledgeable on the standards of care, then Dr. Pedersen is qualified to render his opinion against William Evans, M.D., D.D.S.

"D. An issue of informed consent exists based upon deposition testimony and affidavits. Expert testimony is not required for this, or, in the alternative, cross-examination of the defendant is sufficient to establish the required standard of care."

For the following reasons we reverse the judgment of the trial court.

A resolution of the issues raised requires a determination of whether appellee was acting as a physician or a dentist. Both appellant and the appellee would have Dr. Evans occupying both positions although for different purposes. Appellant would contend appellee was a physician for purposes of the statute of limitations and a dentist in order to qualify her expert witness; appellee would argue the reverse.

R.C. 2305.11(D) defines "physician," "medical claim," "dentist" and "dental claim" as follows:

"(2) 'Physician' means all persons who are licensed to practice medicine and surgery or osteopathic medicine and surgery by the state medical board.

"(3) 'Medical claim' means any claim asserted in any civil action against a physician, podiatrist, or hospital arising out of the diagnosis, care, or treatment of any person.

"* * *

"(5) 'Dentist' means any person who is licensed to practice dentistry by the state dental board.

"(6) 'Dental claim' means any claim that is asserted in any civil action against a dentist * * * and that arises out of a dental operation or the dental diagnosis, care, or treatment of any person. * * *"

The trial court characterized the claim set forth by appellant as a medical claim and we agree.

In his affidavit submitted in support of his initial motion for summary judgment, appellee states he is licensed as both a physician and a dentist, and in paragraph four of the affidavit states that he is "currently engaged in the active practice of medicine." Appellee further states in his affidavit in paragraph six that he is "fully knowledgeable of the standard of care for a dentist and surgeon in the practice of the board certified specialty of oral and

maxillofacial surgery" and paragraph nine refers to his "dental and surgical education, training and experience." In an affidavit in support of his supplemental motion for summary judgment, appellee states in paragraphs six and seven:

"6. I am eligible to practice oral & maxilofacial [sic] surgery without licensure as a medical doctor. Indeed, many board certified oral & maxilofacial [sic] surgeons are dentists and not medical doctors.

"7. The procedures which I performed on Judith Sarnovsky and the care and treatment which I provided to her was [sic] solely within the practice of dentistry, and specifically the practice of oral & maxilofacial [sic] surgery."

However, it is not in what capacity appellee perceived himself as rendering professional services but rather how appellant perceived appellee as rendering services that should control. Appellee's affidavit does not state appellant was ever told he was acting only as a dentist and not as a physician. Appellee, being licensed as both a physician and a dentist and practicing as such, should be held to the higher standard of care. There is nothing to show that appellee as a physician could not have performed the same surgery as appellee as a dentist. See R.C. 4715.34.

Since appellants' complaint stated a medical claim against appellee as a physician, we find the complaint was filed within the statute of limitations. In *Frysinger* v. *Leech* (1987), 32 Ohio St. 3d 38, 512 N.E. 2d 337, the court held in paragraph one of the syllabus that:

"Under R.C. 2305.11(A), a cause of action for medical malpractice accrues and the one-year statute of limitations commences to run (a) when the patient discovers or, in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (b) when the physician-patient relationship for that condition terminates, whichever occurs later. (*Oliver* v. *Kaiser Community Health Found.* [1983], 5 Ohio St. 3d 111, 5 OBR 247, 449 N.E. 2d 438, explained and modified.)"

In this instance, appellant last saw appellee on October 26, 1983, when the statute of limitations began to run. Her one-hundred-eighty-day written notice was mailed in September 1984 and her complaint was filed in February 1985.

If appellant was asserting a dental claim against appellee as a dentist, there is no merit to her claim that the statute of limitations applicable to physicians somehow encompasses the statute of limitations applicable to dentists so that the timely filing of one action is a timely filing of the other. A distinction between physicians and dentists has long been recognized. Prior to 1982, dental malpractice actions were governed by the general two-year statute of limitations for negligence, whereas medical malpractice claims have always been governed by a separate and distinct statute of limitations.

Likewise, R.C. 2305.11(A), providing a one-hundred-eighty-day extension for filing a medical malpractice claim upon giving proper written notice, clearly applies only to medical claims and did so even before the decisions in *Evans* v. *Chapman* (1986), 28 Ohio St. 3d 132, 28 OBR 228, 502 N.E. 2d 1012, and *Morley* v. *E. B. Jones, D.D.S., Inc.* (1985), 24 Ohio App. 3d 112, 24 OBR 182, 493 N.E. 2d 312. The statute as to the one-hundred-eighty-day written notice was not ambiguous as appellant claims and the decisions in *Morley* and *Evans* do not take any rights from appellant as she never had any fundamental right to an added one hundred eighty days to file suit. In *Evans,* the court specifically addressed appellant's equal protection argument and found it to be without merit.

The trial court sustained the mo-

tion for summary judgment on the basis that appellant's expert witness, a dentist, could not testify against. appellee on a medical claim and that the affidavit of Dr. Pedersen did not comply with Civ. R. 56 and Evid. R. 601(D). Civ. R. 56(E) provides in part:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * *"

Evid. R. 601(D) states:

"A person giving expert testimony on the issue of liability in any claim asserted in any civil action against a physician, podiatrist, or hospital arising out of the diagnosis, care or treatment of any person, unless the person testifying is licensed to practice medicine and surgery, osteopathic medicine and surgery, or podiatric medicine and surgery by the state medical board or by the licensing authority of any state, and unless such person devotes three-fourths of his professional time to the active clinical practice in his field of licensure, or to its instruction in an accredited university."

Thus, in order to qualify as an expert witness on the issue of liability of a physician, the expert witness who testifies must meet two criteria: that is, the witness must be licensed to either practice medicine and surgery, or to practice osteopathic medicine and surgery, or podiatric medicine and surgery; and, the witness must spend three-quarters of his professional time in the active clinical practice in the field in which he is licensed or in its instruction at an accredited university. The affidavit of Dr. Pedersen, while showing him to be qualified as a dentist and oral surgeon, does not show he was licensed in any of the fields specifically set forth in Evid. R. 601(D), nor does it state whether he spends three-

quarters of his professional time in the active clinical practice or teaching. *Alexander* v. *Mt. Carmel Medical Center* (1978), 56 Ohio St. 2d 155, 10 O.O. 3d 332, 383 N.E. 2d 564, relied on by appellant, is not applicable as the expert witness in *Alexander* was licensed as a podiatrist who, by virtue of the provisions of R.C. 2743.43 (now Evid. R. 601[D]), was specifically declared competent to testify against a physician.

However, even if Dr. Pedersen's affidavit did not meet the requirements of Evid. R. 601(D) and Civ. R. 56(E), there are sufficient statements in appellant's deposition, for the purposes of a motion for summary judgment, to create an issue of fact as to the degree of care used by appellee in treating appellant. Appellant related in her deposition the opinion of several doctors that appellee was negligent in providing proper care to her. While such statements could be clearly hearsay if offered by appellant at trial, they were elicited by appellee during cross-examination and included in the evidence offered by appellee in support of his motion for summary judgment. Thus, they are sufficient for a summary judgment motion to show the existence of an issue of fact to be tried. Even inadmissible hearsay may constitute probative evidence if admitted especially without objection. It is not the purpose of a motion for summary judgment to try facts, but to determine whether triable facts exist. This is particularly true where, as here, the only other evidence offered on behalf of the moving party was the moving party's own self-serving and conclusory affidavit.

Appellant also argued that there was a genuine issue of material fact as to her lack of informed consent. However, nowhere in the complaint does appellant raise the issue of informed consent and a passing reference in her

deposition is insufficient to create an issue of fact. For the foregoing reasons, appellants' assignment of error is sustained but additional parts A, B, C and D are overruled.

Appellees have set forth the following cross-assignments of error:

"1. The trial court erred in holding that appellants did not discover their cause of action on September 14, 1982.

"2. The trial court erred in determining that this action 'falls within the statutory definition of "medical claim." ' "

For the reasons set forth above, we have concluded that the trial court was correct in determining this action to be a medical claim and that the cause of action accrued and the statute of limitations began to run in October 1983 when the physician/patient relationship terminated. Appellees' cross-assignments of error are overruled.

Appellees have also filed a motion to strike excerpts of appellee's deposition that were attached to appellants' brief for the reason that appellee's deposition was not filed with the trial court and was not made part of the record. This court looks only to the record and ignores any factual matters in the briefs, or any attachments to the briefs, which were not contained in the record on appeal. Thus, any such attachments, although not proper, are not prejudicial. Appellees' motion to strike is overruled.

Appellants' assignment of error is sustained but additional parts A, B, C and D are overruled, appellees' cross-assignments of error are overruled, and the judgment of the trial court is reversed and the case is remanded.

*Judgment reversed and case remanded.*

WHITESIDE and YOUNG, JJ., concur.