**ROBBINS et al., Appellees,**

v.

**BENNETT, Appellant.**

[Cite as *Robbins v. Bennett* (1997), 122 Ohio App.3d 763.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 96 C.A. 77.

Decided Sept. 26, 1997.

*Angel Robbins, LaGorra R. White* and *Constance M. Martin, pro se.*
*George T. Bennett, pro se.*

GENE DONOFRIO, Presiding Judge.

On October 10, 1995, plaintiffs-appellees, Angel Robbins, LaGorra White, and Constance M. Martin, filed a small claims complaint in Youngstown Municipal Court against defendant-appellant, George T. Bennett. In their complaint, appellees allege that appellant had committed extensive internal and external damage of the residence located at 716 Parmalee Avenue in Youngstown, Ohio,

and that he had taken certain items of personal property out of the residence. Appellees requested judgment in the amount of $2,000.

The matter was heard by a magistrate on November 13, 1995. Thereafter, the magistrate entered judgment in favor of appellees in the amount of $2,000 plus costs.

Counsel for appellant thereafter filed a request for findings of fact and conclusions of law. These findings and conclusions were entered by the magistrate on January 16, 1996. The magistrate found that appellant had lived at the property at 716 Parmalee, which was owned by appellees, and had vacated the property in September 1995. The magistrate further found that appellees saw various pieces of furniture and appliances, along with the fireplace mantel that had previously been located at 716 Parmalee, in appellant's new premises after he vacated 716 Parmalee in September 1995. The magistrate found that the property was taken without appellees' permission and that appellees submitted two estimates, in the amounts of $1,583.64 and $1,595, to replace the mantel and repair the damages caused by its removal. The magistrate found that, based upon these estimates and due to the removal of a refrigerator, a kitchen dinette set, and a dining room set, appellees were entitled to judgment in the amount of $2,000 plus costs. The report of the referee was affirmed by the trial court on March 20, 1996. Notice of the trial court's decision was sent to the parties on April 2, 1996.

Evidence located in the file indicates that appellant was also charged criminally in the Youngstown Municipal Court with one count of receiving stolen property. The record does not reflect the outcome of the criminal proceedings.

On May 2, 1996, appellant filed a notice of appeal in this matter.

It is noted that no transcript has been provided to this court as is required by App.R. 9(B). This court must therefore presume the regularity and correctness of the proceedings below. See *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 219–220, 400 N.E.2d 384, 385–386; *Ostrander v. Parker–Fallis Insulation Co.* (1972), 29 Ohio St.2d 72, 74, 58 O.O.2d 117, 119, 278 N.E.2d 363, 365.

It appears that the arguments made in appellant's brief relate to his criminal case, rather than to the magistrate's decision in the civil case. For instance, appellant, on pages 8–9 of his brief, alleges violations of his rights against double jeopardy and his right of due process. Appellant also argues that he was denied the effective assistance of counsel. To the extent that appellant makes arguments relating to his criminal case, his appeal in the civil case is obviously without merit.

With regard to the civil case, appellant argues that it was appellees who took the furniture and appliances out of the dwelling and that the dwelling was in a deplorable condition when he moved in. Appellant thus seems to argue that the lower court erred by accepting appellees' rendition of the facts, rather than appellant's, and that the magistrate erred in finding him liable on the evidence presented.

On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 231, 39 O.O.2d 366, 367, 227 N.E.2d 212, 213. In a civil case, "[j]udgments supported by some competent, credible evidence going to all of the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

Since there is no transcript, this court is unable to review the sufficiency or the weight of the evidence. As the Supreme Court stated in *Knapp v. Edwards Laboratories, supra*, 61 Ohio St.2d at 199, 15 O.O.3d at 219–220, 400 N.E.2d at 385–386:

"The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State v. Skaggs* (1978), 53 Ohio St.2d 162, 7 O.O.3d 243, 372 N.E.2d 1355. This principle is recognized in App.R. 9(B), which provides, in part, that ' * * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."

The magistrate found that appellant was residing at the property owned by appellees, that appellant vacated that property, that appellees saw various pieces of their apartment's furniture and appliances in appellant's new residence, and that appellant had taken the property without permission, consent, or payment to appellees. Absent the transcript of the lower court's proceedings, it will be presumed that the magistrate did not "create" such facts, but based his findings on testimony and evidence presented to him. See *Knapp, supra.*

Furthermore, if conflicting evidence and testimony were presented to the magistrate, it was the magistrate's duty to determine the weight to be given to the evidence and credibility of the witnesses. See *DeHass, supra.* Contrary to

appellant's assertions, the magistrate's decision not to find the evidence presented by appellant to be credible does not amount to error.

The magistrate's findings of fact support the decision to find appellant liable in the amount of $2,000 plus costs. Based upon the foregoing, appellant's assignments of error are found to be without merit.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

Cox and Vukovich, JJ., concur.