OPINION
Appellant Reuben Echols appeals a decision by the trial court in favor of appellee City of East Cleveland on its complaint for unpaid municipal income taxes. Echols assigns the following two error for our review:
 I. THE TRIAL COURT ERRED IN GRANTING DEFAULT JUDGMENT AGAINST DEFENDANT.
 II. THE TRIAL COURT ERRED IN MAINTAINING THE JUDGMENT AFTER RECEIVING NOTICE IN DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT 60 (B).
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
On March 5, 1998, the City of East Cleveland filed a complaint against Reuben Echols seeking $928.12 plus interest in unpaid taxes. East Cleveland attached to its complaint a taxpayer record that indicated Echols owed it a total of $1,483.25 in taxes for the year 1994. According to the taxpayer record, Echols paid $555.13 toward the tax liability, leaving a balance of $928.12.
A magistrate heard the case on May 29, 1998. Echols presented copies of several checks made payable to the Regional Income Tax Authority totalling $2,139.66. One of the checks dated 12/27/94 contained the following notation on the back: "Payment in full for 1994."
In a decision issued on June 15, 1998, the magistrate concluded that the payments made by Echols did not "apply to the disputed year and tax liability with penalty and interest thereon as alleged." The magistrate entered judgment for East Cleveland in the amount of $928.12 plus 10% interest from the date of the decision. The trial court confirmed the magistrate's decision in a journal entry dated June 11, 1998.
On July 8, 1998, Echols filed his notice of appeal from the trial court's judgment. On the same day, Echols filed a Civ.R. 60 (B) motion for relief from judgment alleging a conflict of interest in East Cleveland's presentation of its tax claim in the East Cleveland Municipal Court because the court is supported by East Cleveland city income taxes. Echols denied that he had any outstanding liability for 1992 and 1993 and attached copies of checks ostensibly indicating payment of his tax obligations for those years.[1] The record does not contain an entry ruling on the motion to vacate the judgment.
In his first assignment of error, Echols argues the trial court erred in granting a default judgment against him. As a preliminary matter, we must note that despite the trial court's use of the term "default judgment," the magistrate's journal entry clearly indicated that both parties were present at the hearing with counsel. Accordingly, we find no merit in Echols' arguments that he did not receive proper notice of the action or the dispositional hearing.
Echols also argues that determining the issue of city income tax liability in East Cleveland raises a conflict of interest because the East Cleveland Municipal Court is funded by city income taxes. However, East Cleveland argues that we should reject Echols argument because under Civ.R. 53 (E) (3) (b) a party who fails to file specific objections to a magistrate's report within fourteen (14) days of the court's ruling is precluded from raising them on appeal. See Enyart v. ColumbusMetro. Area Community Action Org. (1996), 115 Ohio App.3d 348,359, appeal dismissed (1997), 79 Ohio St.3d 1214. We agree with East Cleveland.
The record reveals that Echols did not file objections to the referee's report. It is well settled that an appellate court will not rule on an alleged error that could have been brought to the attention of the trial court. State v. Peagler (1996), 76 Ohio St.3d 496,499. R.C. 2701.031 mandates that allegations of judicial bias must be raised in an affidavit of disqualification filed at least seven (7) days before the date of the hearing. No such affidavit was filed in this case.
 A court of appeals is without authority to pass upon disqualification or to void the judgment of the trial court upon that basis. * * * R.C. 2701.03 sets forth the procedure by which a party may seek disqualification. The statute requires the party seeking disqualification to file an affidavit of prejudice with the Ohio Supreme Court.
State v. Ramos (1993), 88 Ohio App.3d 394, 398 (citations omitted.) Because Echols failed to properly raise the issue of bias before the trial court, he is precluded from raising the issue on appeal.
Furthermore, Echols failed to provide us with a transcript of the hearing before the magistrate. An appellant "bears the burden of demonstrating error by reference to the record of the proceedings below, and it is appellant's duty to provide the reviewing court with an adequate transcript." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. See also State v.Lane (1997), 118 Ohio App.3d 485, 487; State v. Prince (1991),71 Ohio App.3d 694, 698. In the absence of a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision. Wells v. Spirit Fabricating,Ltd. (1996), 113 Ohio App.3d 282, 288-289, appeal dismissed (1997), 77 Ohio St.3d 1514; Logan Co., Inc. v. Cities off Am.,Inc. (1996), 112 Ohio App.3d 276, 280. See also Robbins v. Bennett
(1997), 122 Ohio App.3d 763, 765; Knapp at 199; Ostrander v.Parker-Fallis Insulation Co. (1972), 29 Ohio St.2d 72, 74. Because Echols failed to produce a transcript of the hearing before the magistrate, we must presume regularity in the proceedings below and affirm the trial court's decision. Echols' first assignment of error is overruled.
In his second assignment of error, Echols challenges the trial court's failure to grant his motion for relief from judgment. However, the record reveals that Echols filed a notice of appeal to this court on the same day he filed his motion for relief from judgment. The Ohio Supreme Court has determined that the filing of a notice of appeal divests a trial court of jurisdiction to entertain a motion for relief from judgment. See State ex rel.Cotton v. Ghee (1998), 84 Ohio St.3d 54, 56; Daloia v. FranciscanHealth Sys. Of Cent. Ohio, Inc. (1997), 79 Ohio St.3d 98, 109, citing Howard v. Catholic Social Serv. Of Cuyahoga Cty., Inc.
(1994), 70 Ohio St.3d 141, 146. Accordingly, the trial court did not err in failing to rule on the motion. Echols' second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the East Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The City of East Cleveland filed a motion before this court to strike appellant's brief because it included attachments that were not part of the record before the trial court. Echols did not contradict this assertion. In reviewing this case, we limit our consideration to the record as it existed before the trial court. See In re Estate of Clapsaddle (1992), 79 Ohio App.3d 747,753, jurisdictional motions overruled (1992), 65 Ohio St.3d 1435;Sarnovsky v. Snyder, Evans Anderson, Inc. (1987), 38 Ohio App.3d 33,37.
 TIMOTHY E. McMONAGLE, P.J., and MICHAEL J. CORRIGAN, J.,CONCUR.
 ____________________________ PATRICIA ANN BLACKMON JUDGE