OPINION
Defendant-appellant, Christopher Pochiro appeals from a judgment rendered by the Mahoning County Common Pleas Court, Juvenile Division, dissolving a shared parenting agreement and awarding primary custody of Lana Marie Pochiro to plaintiff-appellee, Annette Dubec. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE FACTS
Appellant and appellee entered into a shared parenting plan which provided that each parent had custody of their daughter, Lana Marie Pochiro, on a bi-weekly basis. Shortly after the plan was adopted by the trial court, the arrangement proved to be problematic. Appellee filed a motion to dissolve the shared parenting agreement. A hearing was held to determine the merits of appellee's motion. Following the hearing, the trial court determined that the shared parenting agreement was not in Lana's best interest. This appeal followed.
 ASSIGNMENT OF ERROR
Appellant's sole assignment of error on appeal alleges:
 "THE TRIAL COURT'S ORDER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant argues that the trial court did not require appellee to offer proof of a change in circumstances. As such, appellant concludes that the trial court improperly granted primary custody to appellee.
Appellant, however, has failed to order a transcript of the hearing. App.R. 9(B) provides in pertinent part:
 "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. * * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusions. * * *"
The Ohio Supreme Court has held, "when portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm." Knapp v. Edwards (1980)61 Ohio St.2d 197, 199; Robbins v. Bennett (1997), 122 Ohio App.3d 763,766. As such, appellant's assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
 _________________ VUKOVICH, J.
Cox, P.J., concurs.
Waite, J., concurs.