OPINION
This matter presents a timely appeal from a decision rendered by the Mahoning County Common Pleas Court, Division of Domestic Relations, overruling the objections to the magistrate's decision filed by respondent-appellant, Glenn Mashburn, and adopting the magistrate's decision as its order.
At the outset, we note that petitioner-appellee, Laura A. Mashburn, has failed to file a brief in response to the arguments proposed by appellant. Pursuant to App.R. 18(C), this court is granted authority to accept appellant's statement of the facts and issues as correct and reverse the judgment of the trial court if appellant's brief reasonably appears to sustain such action.
On March 30, 1999, appellee filed a petition with the trial court seeking a civil protection order based upon an incident of domestic violence. On April 8, 1999, a hearing was held before the court magistrate on appellee's petition. Appellee testified that on March 29, 1999, appellant came home intoxicated, which happened frequently. (Tr. 3-4). Appellee explained that when appellant was intoxicated, he would verbally abuse her and make outrageous comments to her and their children. (Tr. 4).
Appellee further testified that on the night in question, she argued with appellant about driving while intoxicated with one of their children in the car. (Tr. 4). Appellee stated that appellant called her a liar and told her to "shut up." Appellee also explained that appellant said, "I could take you out of here," and that he would "burn the trailer down" and "it will just be done and nobody will have it." (Tr. 6-7).
Appellant thereafter left the trailer in which the parties were living and returned about an hour later. Appellant then tried to enter the bedroom in which appellee was located, but appellee would not let him in, claiming he was more intoxicated than before. (Tr. 7). While attempting to enter the bedroom, appellant tried to grab appellee by reaching around the door. (Tr. 23). Appellee testified that she was afraid because she did not know what appellant would do next. (Tr. 8). Appellee stated that as a result of her fear that appellant would follow through with his threats on the night at issue, she was unable to sleep. (Tr. 14).
Appellee then testified to numerous incidents of domestic violence which had occurred over the duration of her relationship with appellant. (Tr. 9-13). She indicated that she had required medical treatment after some of the altercations. (Tr. 10, 12). Appellee also stated that the year previous to the incident in question, appellant was found guilty of domestic violence. (Tr. 9-10).
While being cross-examined, appellee testified that appellant called the police. Springfield Township police officer, James Touville, arrived at the parties' trailer and asked appellee if there had been any problems. Appellee answered Officer Touville in the negative. Appellee stated that she did not tell Officer Touville about the events in question because appellant was with the officer the entire time and she was afraid if appellant was not arrested, he would harm her or the children after Officer Touville departed. (Tr. 25-27).
Officer Touville testified that when he arrived at the parties' trailer on the night in question, appellant, who was on the porch, advised Officer Touville that he was concerned about appellee smoking around the children. (Tr. 33). When Officer Touville asked appellant if there had been any violence or threats of violence, appellant answered in the negative. (Tr. 33-34).
Officer Touville explained that he was unable to follow normal protocol and interview the parties individually because he was at the trailer without additional police assistance and wanted to keep both parties in view. (Tr. 34-35). Officer Touville stated that appellee did express concern about appellant's alcohol consumption and claimed that they had been arguing. (Tr. 35). The police report was marked as a domestic dispute because Officer Touville did not find any evidence of domestic violence. (Tr. 36).
On cross-examination, Officer Touville stated that appellant was "definitely intoxicated that evening." (Tr. 37). He further testified that when he asked appellee if there had been any acts of violence that night, she answered that there were problems in the past as well as ongoing problems. (Tr. 37). Appellant did not testify at the hearing. (Tr. 41).
After due consideration of the testimony and evidence presented, the court magistrate issued a civil protection order upon appellee's petition, finding that appellant had committed an act of domestic violence. Appellant then filed objections to the magistrate's decision. After reviewing the magistrate's decision and appellant's objections, the trial court overruled said objections and adopted the magistrate's decision as its order in this matter. This appeal followed.
Appellant's sole assignment of error on appeal alleges:
 "The Decision of the Trial Court Finding That a Domestic Violence Act Was Committed by the Appellant/Respondent on the Date Indicated by the Petitioner Is Against the Manifest Weight of the Evidence."
Appellant maintains that the trial court incorrectly relied upon Feltonv. Felton (1997), 79 Ohio St.3d 34, in finding that appellee's testimony alone was sufficient to prove appellant committed an act of domestic violence by a preponderance of the evidence. Appellant argues that appellee did not meet the required burden of proof due to the contradictory testimony offered by Officer Touville.
R.C. 3113.31(A)(1) states:
 "(1) `Domestic violence' means the occurrence of one or more of the following acts against a family or household member:
 "(a) Attempting to cause or recklessly causing bodily injury;
 "(b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 [2903.21.1] or 2911.211 [2911.21.1] of the Revised Code;
 "(c) Committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 [2151.03.1] of the Revised Code."
The Ohio Supreme Court established that a petitioner must prove that he or she is in danger of domestic violence by a preponderance of the evidence. Felton, supra. Thus, appellee was required to prove by a preponderance of the evidence that appellant attempted to cause her bodily harm or that appellant placed her in fear of imminent serious physical harm by the threat of force.
Appellee testified she was so afraid appellant would follow through with his threats that she was unable to sleep on the night in question. Clearly, appellant's threats of burning down the trailer and taking appellee "out of here," could reasonably have caused appellee to fear serious bodily harm. Furthermore, no evidence was presented to refute appellee's testimony.
The trial court relied on this court's holding in Robbins v. Bennett
(1997), 122 Ohio App.3d 763, 766-767, wherein we held:
 "* * * if conflicting evidence and testimony were presented to the magistrate, it was the magistrate's duty to determine the weight to be given to the evidence and credibility of the witnesses. * * * the magistrate's decision not to find the evidence presented by [defendant] to be credible does not amount to error."
Based upon the Robbins decision, the trial court found that the magistrate did not err in his determination that appellant engaged in an act of domestic violence.
In determining whether a verdict is against the manifest weight of the evidence, a court of appeals is "* * * necessarily constrained by the principle that judgments supported by competent, credible evidence going to all the material elements of the case must not be reversed. * * *"Gerijo, Inc. v. Fairfield (1994), 70 Ohio St.3d 223, 226. As such, we are required to treat every reasonable presumption in favor of the trial court's judgment and findings of fact. Gerijo, supra. If the evidence is susceptible to more than one interpretation, we must construe it consistently with the trial court's judgment. Gerijo, supra.
Appellee was only required to show, by a preponderance of the evidence, that appellant placed her in a state of fear of imminent serious physical harm by the threat of force. Therefore, even though the police report did not set forth an incident of domestic violence and Officer Touville did not see any indications of domestic violence, the court magistrate could nonetheless have found that an act of domestic violence occurred based upon a preponderance of the evidence presented.
Additionally, contrary to appellant's belief, Officer Touville's testimony did not contradict that which was offered by appellee. The only conclusion Officer Touville reached was that there was no outward appearance of domestic violence. Appellee's testimony went to the threat of force, not actual force. Officer Touville simply testified that he saw no evidence of actual physical harm to either party and that neither party admitted to any physical altercation. However, Officer Touville also acknowledged that he was unable to follow normal protocol in this case and interview each party separately, which would have allowed each party the opportunity to be more open and honest with him about the situation at hand.
Based upon a thorough review of the record, it is clear that appellee met her burden of establishing that an incident of domestic violence took place on the night in question by a preponderance of the evidence. As such, the decision reached by the court magistrate and ultimately, the trial court was not against the manifest weight of the evidence. The decision was supported by competent, credible evidence going to all the material elements of the case.
Appellant's sole assignment of error on appeal is found to be without merit.
The judgment of the trial court is affirmed.
 ____________________ COX, P.J.
Donofrio, J., concurs.
Waite, J., concurs.