This timely appeal comes for consideration upon the record in the trial court and the appellant's brief. Respondent-appellant, James Stanley, (hereinafter "James") appeals the trial court's judgment entry adopting the magistrate's decision and finding James committed an act of domestic violence against petitioner-appellee, Karen Stanley, (hereinafter "Karen") and issuing a civil protection order. The issue before us is whether the trial court erred by finding James committed an act of domestic violence against the manifest weight of the evidence. For the following reasons we affirm the decision of the trial court.
We note Karen has failed to file a brief in response to the arguments presented by James. Pursuant to App.R. 18(C), this court is granted authority to accept James's statement of the facts and issues as correct, and reverse the judgment of the trial court if James's brief reasonably appears to sustain such action.
On April 23, 1999, Karen filed a petition for domestic violence and civil protection order arising out of events that occurred on or about April 19, 1999. On May 7, 1999 a full evidentiary hearing was conducted before the magistrate, and on May 12, 1999 the magistrate issued a civil protection order. James filed his objections to the magistrate's decision on May 14, 1999. The trial court overruled the objections, adopted the magistrate's order as the decision of the court on July 12, 1999, and issued a civil protection order.
James and Karen had been through a divorce proceeding and were awaiting a final judgment entry from the trial court when the incident occurred. The shared parenting plan provides for the parties' minor child Kyle to stay with James during the evenings and with Karen during the days. Under the arrangement, James delivered Kyle to Karen's residence each weekday morning on his way to work and would return to pick-up Kyle at a predetermined location on the way home.
On April 19, 1999, James overslept and was a half hour late in dropping off Kyle. Both parties agreed to meet in the parking lot at the Southern Park Mall in Boardman where James worked, to minimize the time he would be late reporting for work. James testified during their conversation to make arrangements to exchange Kyle, he asked Karen if she was going to return property he alleges she improperly took from his home. James told her if she did not return the property, he would call the police. He alleges she responded "we'll see who calls the cops."
After their alleged argument on the telephone, both testified upon their arrival at the mall parking lot, James placed Kyle in the front seat of Karen's car and fastened the seatbelt. The testimony of the parties differs on the events that occurred thereafter.
Karen contends James leaned over and threatened her while fastening the seat belt. She testified James specifically said the only reason she breathes is because he allows her to, that he should smash her face in and one day he would kill her. She also testified she repeatedly told him to get out of the car. Karen testified her voice became shaky and she was upset by the alleged events and felt threatened by James's conduct in the vehicle. In addition, she testified that on the day in question she feared for her safety. However, she also testified James did not raise his hand to strike her. James testified as he placed Kyle in the car he asked Karen if she was going to return the personal items from his house. He claims they again had a dispute as to ownership of the items in question. He maintains he made no threats of any kind.
James appeals the trial court's judgment entry overruling objections and issuing a civil protection order, asserting the trial court erred by finding James committed an act of domestic violence, as such a finding is against the manifest weight of the evidence. We affirm the decision of the trial court, because judging witness credibility lies within the sole province of the trial court and we conclude the decision was not against the manifest weight of the evidence.
We begin our analysis with the applicable standard of review. When determining whether a verdict is against the manifest weight of the evidence, an appeals court is "necessarily constrained by the principle that judgments supported by competent, credible evidence going to all elements of the case must not be reversed." Gerijo v. City of Fairfield
(1994), 70 Ohio St.3d 223, 26 citing C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279. We must indulge every reasonable presumption in favor of the trial court's judgment and findings of fact. Gerijo,supra citing Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77. If the evidence is susceptible to more than one interpretation, we must construe it consistently with the trial court's judgment. Gerijo, supra, citing Ross v. Ross (1980), 64 Ohio St.2d 203. Thus, James will prevail upon appeal only if we conclude the trial court's finding that James committed an act of domestic violence is not supported by competent, credible evidence.
The relevant statute addressing domestic violence in Ohio is R.C. 3113.31
(A)(1), which states:
 "`Domestic Violence' means the occurrence of one or more of the following acts against a family or household member:
 "(a) Attempting to cause or recklessly causing bodily injury;
 "(b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or 2911.211 of the Revised Code.
 "(c) Committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 [2151.03.1] of the Revised Code."
The trial court relies upon Felton v. Felton (1997), 79 Ohio St.3d 34
as authority for finding Karen's testimony alone is sufficient to prove the alleged act of domestic violence by a preponderance of the evidence standard. James argues the burden of proof was not met due to the contradictory evidence he presented. Though the testimony in Felton did provide that court with more corroborating evidence of past abuse than the case at bar, there was no witness in Felton to the act that precipitated the petition of domestic violence and the civil protection order. InFelton, the court expressed concern that:
 "* * * a victim's testimony, standing alone, would never be sufficient to establish proof by a preponderance of the evidence. Domestic violence is seldom committed in the presence of eyewitnesses. Moreover, in many cases medical evidence is absent. Often the only evidence of domestic violence is the testimony of the victim." 79 Ohio St.3d 34, 45.
The trial court found the magistrate did not err by finding James engaged in an act of domestic violence, relying upon our decision inRobbins v. Bennett (1997), 122 Ohio App.3d 763, syllabus, where we unequivocally held:
 "If conflicting evidence and testimony were presented to [the] magistrate in [a] civil case, it was [the] magistrate's duty to determine the weight to be given to the evidence and credibility of the witnesses, and [the] magistrate's decision not to find the evidence presented by the defendant to be credible did not amount to error."
In the case at bar, the magistrate specifically noted the credibility and demeanor of the witnesses in making his decision. As the trier of fact, he was in the best position to observe the witnesses and weigh their respective testimony. These types of determinations are best left to the trier of fact. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the [trier of fact] is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Season's Coal Co., Inc. v.Cleveland (1984), 10 Ohio St.3d 77, 80.
Based upon the above, the trial court's decision was not against the manifest weight of the evidence. The trial court found Karen established by the preponderance of the evidence she was placed in a state of fear of imminent serious physical harm by the threat of force. The trial court used the proper standards, weighed the evidence and came to a reasonable decision using the evidence before it.
For the preceding reasons, we find James' assignment of error to be without merit. Accordingly, the decision of the trial court is affirmed.
VUKOVICH, P.J. and DONOFRIO, J., Concurs.