OPINION
Jonathan S. Wallace ("Appellee") is a federal prisoner who, in March, 1999, was incarcerated at the Occaquan Facility in Lorton, Virginia. Appellants are operators of the Northeast Ohio Correctional Center ("NEOCC"), a private correctional facility in Mahoning County, Ohio. NEOCC entered into a contract to house Appellee at their facility. An inventory of Appellee's personal property was made before he left Occaquan. (9/28/99 Small Claims Complaint, Exh. C). Another inventory was taken when he arrived at NEOCC. (11/8/99 Magistrate's Decision, Defendant's Exh. 4). There was a discrepancy between the two lists, indicating that some of Appellee's property was missing.
Appellee filed an administrative complaint at NEOCC, and was informed that Occaquan was responsible for his missing property. (5/25/99 Claim Response). The missing property consisted of clothing, a television, boots, tennis shoes, a gold watch and chain, and cartons of cigarettes. (9/28/99 Small Claims Complaint).
On September 28, 1999, Appellee filed a complaint in Youngstown Municipal Court, Small Claims Division, alleging that $2,500 of his property had been lost or stolen. (9/28/99 Complaint). The case was heard before a magistrate on November 8, 1999. On November 29, 1999, the magistrate entered a general judgment in favor of Appellee in the amount of $1,410.00 plus court costs. Appellants then filed a Civ.R. 53(E)(2) Motion for Findings of Fact and Conclusions of Law and a request for a copy of the audiotape of the proceedings.
On March 22, 2000, the magistrate filed its Findings of Fact and Conclusions of Law. The magistrate found that Appellee packed three bags to be shipped with him from Occaquan to NEOCC; that the bags were loaded onto the bus; that the items listed on Appellee's complaint were not delivered to him; that the property was not found at NEOCC and that Appellee testified as to the valuations of the missing items. (3/22/00 Findings, p. 1). The magistrate also found that a bailment relationship existed, that Appellants breached their duty in not turning over the missing items to Appellee and that the owner of lost items could testify as to their value. (3/22/00 Findings, p. 2).
On March 22, 2000, the Youngstown Municipal Court adopted the magistrate's order, subject to the filing of objections pursuant to Civ.R. 53(E)(3). No such objections were ever filed.
On April 17, 2000, Appellants filed this timely appeal.
Appellants assert the following two assignments of error:
 "THE TRIAL COURT'S DECISION IS CONTRARY TO LAW, AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
"THE TRIAL COURT'S MEASURE OF DAMAGES WAS IN ERR."
Appellants did not file any objections to the March 22, 2000, Findings of Fact and Conclusions of Law issued by the magistrate. Appellants had fourteen days in which to file such objections. Civ.R. 53(E)(3)(a). "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Civ.R. 53(E)(3)(b).
Appellants' assignments of error directly challenge the court's findings of fact and conclusions of law. Due to Appellants' failure to file objections, these issues have not been preserved for appeal and the stated assignments of error are without merit by operation of law. Stateex rel. Booher v. Honda of Am. Mfg., Inc. (2000), 88 Ohio St.3d 52, 53.
Furthermore, Appellants' first assignment of error requires us to review the transcript of the magistrate's hearing, but that transcript was never filed. Appellants argue that Appellee did not present sufficient proof that his property ever came into Appellants' possession. Appellants argue that a bailment relationship requires proof of delivery of property, citing Collins v. Click Camera Video (1993),86 Ohio App.3d 826. Without a transcript of the November 8, 1999, hearing, we cannot fully evaluate the evidentiary basis of the trial court's conclusions regarding the bailment relationship between the parties. Absent a transcript, a reviewing court is unable to review the sufficiency or weight of the evidence, as held by this Court in Robbinsv. Bennett (1997), 122 Ohio App.3d 763, 766. Furthermore, the trial court itself could not modify the magistrate's findings of fact without having an entire transcript of the proceedings before the magistrate or without taking new evidence. Ohio Edison Co. v. Gilmore (1995), 106 Ohio App.3d 6,11. There is no indication in the record that the trial court was provided with a complete transcript of the proceedings before the magistrate.
Appellants also argue that former Ohio Adm. Code 5120-9-33(G) prohibits an inmate from possessing more than $300.00 worth of personal property, except at his or her own risk. Appellants conclude that, at most, they could be liable for $300.00 in damages. We are not persuaded by this argument. The $300.00 value limit is subject to change by each individual correctional facility, and there is nothing in the record indicating that NEOCC had a $300.00 limit. See former Ohio Adm. Code 5120-9-33(G). The current version of Ohio Adm. Code 5120-9-33(G), effective April 1, 2000, does not contain a specific monetary limit.
For all the reasons mentioned above, Appellants' assignments of error are overruled and the decision of the trial court is affirmed.
Vukovich, P.J., concurs.
DeGenaro, J., concurs.