OPINION
[¶ 1] Defendant-appellant Clark Lash appeals the judgment of the Carroll County Court for plaintiff-appellee Douglas Schlabach. Lash's sole assignment of error is that the court erred as a matter of law by granting judgment against him. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE [¶ 2] Lash and Schlabach own adjacent parcels of heavily wooded property in Loudon Township, Carroll County, Ohio. On December 3, 2001, Schlabach initiated an action in small claims court naming as defendants, Lash and Bill Mills, a timber buyer affiliated with Lash. Schlabach claimed that Lash and Mills removed 11 trees from his property. Schlabach did not witness the falling of the trees, but noticed a number of trees missing along the property line after the logging was completed on Lash's property.
[¶ 3] A hearing was held on January 9, 2002. Schlabach and Mills were present. Lash, who lives in Florida, did not appear personally, but was represented by counsel. At the hearing, Schlabach presented the testimony of a certified forester regarding the volume of the timber removed, the value thereof, and the approximate date the trees were cut. Mills also testified regarding his involvement in the events.
[¶ 4] At the close of the hearing, the trial court removed Mills from the case, dismissing him as a defendant. The court then entered judgment for Schlabach against Lash in the amount of $1,342.
[¶ 5] Lash filed timely notice of appeal from that decision. On April 4, 2002, Schlabach filed a motion to dismiss the appeal pursuant to App.R. 18(c), as Lash had not yet filed a brief with this court. Lash was put on notice that if he did not file a brief by August 23, 2002, the case would be dismissed. Subsequently, Lash filed a brief on August 23, 2002. A transcript of the proceedings or a statement of the record pursuant to App.R. 9(C) was never requested, produced or filed.
 ASSIGNMENT OF ERROR [¶ 6] "THE TRIAL COURT ERRORED (sic) AS A MATTER OF LAW IN ITS RULING THAT APPELLANT/DEFENDANT, CLARK LASH COULD NOT BE REPRESENTED BY COUNSEL NOR COULD HE BE REPRESENTED BY AN AGENT IN SMALL CLAIM PROCEEDINGS AND GRANTED A JUDGMENT AGAINST APPELLANT."
 [¶ 7] App.R. 9(B) requires Lash to order the transcript from the proceedings that is necessary to support the appeal. If there is no transcript available, App.R. 9(C) and (D) provide alternate options. App.R. 9(C) permits Lash to prepare a statement of the proceedings to be served on Schlabach within 20 days of the transmission of the record so that Schlabach may make objections and propose amendments that may be necessary. App.R. 9(D) allows the parties of the appeal to submit an agreed statement of the case.
[¶ 8] Lash failed to comply with any aspect of App.R. 9. The record is devoid of any evidence that Lash made any attempt to order the transcript or to include an adequate substitute. When a reviewing court is not presented with a transcript, it must operate with a presumption of regularity and correctness of the trial court proceedings and affirm.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199 (stating that appellant bears the burden of showing error by reference to matters in the record); Ostrander v. Parker Fallis Insulation Co. (1972),29 Ohio St.2d 72, 74; Robbins v. Bennett (1997), 122 Ohio App.3d 763,765. See, also, App.R. 16(A)(3) and (6) (references to places in the record where error reflected or where facts established); App.R. 16(D) (if reference is made to evidence, must reference the pages of the transcript where the evidence is identified, offered, and received or rejected).
[¶ 9] Lash alleges that the trial court entered a default judgment against him. His brief contends, "The Court found Appellant/Defendant Clark Lash did not show personally appear (sic) but appeared through Counsel and by his agent entered Judgment against Defendant/Appellant Clark Lash based upon his failure to appear. The Court basically calling it a default for his failure to attend the hearing."
[¶ 10] If this contention were true, the appeal would be meritorious. R.C. 1925.01(D) permits, though does not require, attorneys to appear on behalf of parties in small claims court. Thus, to penalize a litigant for obtaining an attorney would be an abuse of discretion. However, the judgment entry is devoid of any indication that a default judgment was entered against Lash for his failure to appear. The term "default" is absent from the judgment entry. There is no evidence of such ruling contained in the record before this court. And there is no transcript or order referenced by Lash to prove the contention that the appearance of his attorney was not recognized. Thus, proceeding with a presumption of regularity in the trial court, we must presume that Lash's substitution of an attorney for his personal appearance is not the rationale behind the judgment against him. See Hart v. Munobe (1993),67 Ohio St.3d 3, 7; Wells v. Spirit Fabricating, Ltd. (1996),113 Ohio App.3d 282, 288-289.
[¶ 11] Lash also appears to be arguing that Mills was his "agent" and represented him in the trial court's proceedings. Lash cites the Ohio Uniform Commercial Code's definition of "representative," located in R.C. 1301.01 for support of this position. However, Mills did not appear on behalf of Lash. Rather, Mills appeared on his own behalf, as he was named a co-defendant in the suit. As such, Lash's contention fails.
[¶ 12] Lastly, Lash argues that because Mills was removed from the suit, there was a finding that the falling of the trees was unrelated to Lash as well. Without a transcript of the proceeding, we are unable to ascertain why liability was imposed upon Lash but was not imposed upon Mills. It was Lash's duty to provide a transcript. App.R. 9. Without a transcript, Lash is unable to demonstrate the alleged error. This assignment of error is without merit.
[¶ 13] For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
Waite and DeGenaro, JJ., concur.