EVANS, APPELLANT, *v.* CHAPMAN, APPELLEE.

[Cite as Evans *v.* Chapman (1986), 28 Ohio St. 3d 132.]

(No. 86-501—Decided December 24, 1986.)

*Teodosio, Cherpas & Manos, George D. Mallo* and *Christopher T. Cherpas,* for appellant.

*Buckingham, Doolittle & Burroughs, Charles E. Pierson* and *Hamilton DeSaussure, Jr.,* for appellee.

HOLMES, J. The two basic issues presented are whether the "written notice" provision of R.C. 2305.11(A) applies to dental claims and, if not, whether such application would violate equal protection rights of indi-

viduals with dental claims. For the reasons which follow, we hold that the "written notice" provision of R.C. 2305.11(A) does not apply to dental claims and that this application does not deny equal protection of the laws.

Prior to 1982, dental malpractice claims were governed by the two-year statute of limitations for general negligence contained in R.C. 2305.10. *Whitt* v. *Columbus Cooperative* (1980), 64 Ohio St. 2d 355, 358 [18 O.O.3d 512]. Effective March 15, 1982, R.C. 2305.11 was amended to add dental claims to those claims governed by its one-year statute of limitations. (139 Ohio Laws, Part I, 2153.) R.C. 2305.11 provided, in pertinent part:

"(A) An action for * * * malpractice, including an action for malpractice against a physician, podiatrist, hospital, or dentist * * * shall be brought within one year after the cause thereof accrued * * *.

"If a written notice, prior to the expiration of time contained in this division, is given to any person *in a medical claim* that an individual is presently considering bringing an action against that person relating to professional services provided to that individual, then an action by that individual against that person may be commenced at any time within one hundred eighty days after that notice is given.

"* * *

"(D) As used in this section:
"* * *

"(2) 'Physician' means all persons who are licensed to practice medicine and surgery or osteopathic medicine and surgery by the state medical board.

"(3) *'Medical claim'* means any claim asserted in any civil action against a physician, podiatrist, or hospital arising out of the diagnosis, care, or treatment of any person.
"* * *

"(5) 'Dentist' means all persons licensed to practice dentistry by the state dental board.

"(6) *'Dental claim'* means any claim asserted in any civil action against a dentist arising out of a dental operation or the dental diagnosis, care, or treatment of any person." (Emphasis added.)

Under these statutory definitions, appellant's claim is a "[d]ental claim" as a matter of law and, by the plain words of this statute, the "written notice" provision of R.C. 2305.11(A) does not apply to such claims. The "written notice" provision clearly applies only to "[m]edical claim[s]," and not to "[d]ental claim[s]" which are given separate statutory definitions. Appellant contends that there is no reason to find that a dental claim is not a medical claim, but the statute clearly distinguishes between the two types of claims. If the legislature had intended to include dental claims within the scope of the "written notice" provision, which would have the effect of extending the statute of limitations period as to them, it would have done so. See *Whitt* v. *Columbus Cooperative, supra.*

Appellant next argues that dental claimants and medical claimants are similarly situated people of the same class so that a one-hundred-eighty-day extension to one but not to the other is a denial of equal protection of the laws. This argument ignores the traditional distinction between these two groups of litigants. The common-law concept of "malpractice" dealt solely with the legal and medical professions—that is why dental claims were previously governed by the statute of limitations for general negligence actions until R.C. 2305.11 was amended to specifically add dental claims to its one-year statute of limitations for malpractice. See *Hocking Conservancy Dist.* v. *Dodson-Lindblom Assoc.* (1980), 62 Ohio St. 2d 195 [16 O.O.3d 217], and *Morley* v. *E. B. Jones, D.D.S., Inc.* (1985), 24 Ohio App. 3d 112, 115. If we were to take appellant's arguments to their natural conclusion, all other health care professionals, *e.g.,* chiropractors, or veterinarians, would be governed by R.C. 2305.11 simply because they also use the title "Dr." and have become specialists, even though their differing professions are not specifically listed in the statute.

Appellant also argues that this case involves not only differing treatment but also a fundamental right, *i.e.,* "her day in court," if the "written notice" provision is held inapplicable to her dental claim. However, all that is at stake here is a mechanism which, if used, would allow extension of the applicable statute of limitations; clearly, there is no fundamental right to an additional one hundred eighty days in which to bring suit. The statute, then, " '* * * must be upheld if there exists any conceivable set of facts under which the classification rationally furthered a legitimate legislative objective.' " *Schwan* v. *Riverside Methodist Hospital* (1983), 6 Ohio St. 3d 300, 301, quoting *Denicola* v. *Providence Hospital* (1979), 57 Ohio St. 2d 115, 119 [11 O.O.3d 290] (differing requirements pertaining to expert testimony for "medical claims" and "dental claims" are constitutional).

Although differing treatment between groups that are similarly situated may pose an equal protection problem, *Massachusetts Bd. of Retirement* v. *Murgia* (1976), 427 U.S. 307, differing treatment among differing persons does not necessarily suggest a violation of equal protection rights. Even so, " '* * * [a] classification 'must be reasonable not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' " *Reed* v. *Reed* (1971), 404 U.S. 71, 76.

In *Denicola* v. *Providence Hospital, supra,* we held that rational grounds exist for distinguishing between claims made against physicians and those against dentists as the Medical Malpractice Act was emergency legislation aimed at easing the growing burdens of medical malpractice. The General Assembly stated its specific concerns in this "malpractice crisis" as being claims against physicians, podiatrists, or hospitals. R.C. 2305.11(D)(3). It may well be that the legislature found that claims against physicians, podiatrists or hospitals require additional time for the injured

party to determine the cause and extent of the injury, whereas dental claimants can determine the cause and extent of their injuries within the one-year statute of limitations because they know the anatomical focus of their injuries. In any event, it is unlikely that dental claimants would claim their equal protection rights are violated when only the medical claimants are subject to special pleading requirements under R.C. 2307.42, a $200,000 limitation on general damages under R.C. 2307.43, mandatory malpractice arbitration under R.C. 2711.21, and special restrictions on medical malpractice expert testimony under R.C. 2743.43. It may well be that the General Assembly granted medical claimants the mechanism for extending the statute of limitations as a *quid pro quo* for all these additional restrictions applicable to them.

These rational bases, stated above, must be presumed to exist because "* * * [s]tate legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory determination will not be set aside if any state of facts reasonably may be conceived to justify it." *McGowan* v. *Maryland* (1961), 366 U.S. 420, 425-426 [17 O.O.2d 151, 280, 343]. Additionally, appellant has failed to show that R.C. 2305.11(A) was drafted "because of and not in spite of" the alleged disparate impact between medical and dental claimants. See *Personnel Admr. of Mass.* v. *Feeney* (1979), 442 U.S. 256. In conclusion, we hold that application of the "written notice" provision contained in R.C. 2305.11(A) to medical claims but not to dental claims is not a denial of equal protection of the laws under Section 2, Article I of the Ohio Constitution or the Fourteenth Amendment to the United States Constitution.

Appellant raises one final issue, *i.e.,* the propriety of the trial court's granting appellee's motion to file his answer brief instanter (over thirty days late). Civ. R. 6(B) provides, in pertinent part:

"When * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure of the act was the result of excusable neglect * * *."

Although it would be preferable to have an affidavit supporting appellee's allegation that "clerical errors" had prevented the complaint from being transmitted to counsel, we cannot say the trial court abused its discretion under Civ. R. 6(B) in granting appellee's motion to file instanter, especially in light of the fact that no default motion was pending at the time. Cf. *Miller* v. *Lint* (1980), 62 Ohio St. 2d 209, 214 [16 O.O.3d 244], where this court found the trial court abused its discretion in allowing the filing of an untimely answer when no Civ. R. 6(B) motion setting forth excusable neglect had been filed. The trial court had discretion under Civ. R. 6 to find that "clerical errors" constituted excusable neglect.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN and WRIGHT, JJ., concur.

DOUGLAS, J., concurs in judgment only.