**WEETHEE, Appellant,**

**v.**

**BOSO et al., Appellees.**

[Cite as *Weethee v. Boso* (1989), 64 Ohio App.3d 532.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–962.

Decided Sept. 21, 1989.

*James C. Thompson* and *Matthew J. Thompson,* for appellant.

*Matan & Smith, James D. Colner* and *Rufus B. Hurst,* for appellees.

REILLY, Judge.

This is an appeal from a judgment of the Franklin County Court of Common Pleas.

Plaintiff has operated an automobile junkyard at 2332 Stringtown Road for the past thirty-eight years. He was issued licenses by the city of Grove City continuously from 1969 through 1985. He was last granted a license in 1985, and denied a license in 1986 and again in 1987 because of alleged violations of a Grove City ordinance.

Plaintiff stated in a deposition that there were two other individuals who did not have licenses to operate junkyards, but were doing so as of the date of the deposition. After plaintiff was twice denied a license to operate a junkyard, he filed suit against defendants, claiming that his civil rights had been violated pursuant to Section 1983, Title 42, U.S.Code, and that he had been denied equal protection and due process rights guaranteed by the United States Constitution. He also asserted other statutory claims which were dismissed based upon the doctrine of sovereign immunity.

Plaintiff has timely appealed and advances the following assignments of error:

"I. A person who has been continually operating a business in the same manner, fully licensed, for many years, has a property interest in the renewal of that license and his ability to continue in that business, both of which are protected by the Due Process Clause of the United States Constitution.

"II. To allow others who directly compete with plaintiff-appellant to continue to operate without license, regulation or harassment, while focusing on plaintiff-appellant is a violation of his right to equal protection of the law."

■ The issue is whether the trial court erred in granting summary judgment in favor of defendant. Summary judgment is proper only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Summary judgment is to be awarded with caution, construing the evidence against the moving party and granted only when it appears from the evidence that reasonable minds could reach only an adverse conclusion as to the party opposing it. See *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

The first question is whether plaintiff's constitutional claims are time barred by the applicable statute of limitations. In *Wilson v. Garcia* (1985), 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254, the United States Supreme Court held, as a matter of law, that claims brought under Section 1983, Title 42, U.S.Code, should be characterized as personal injury actions for the purpose of determining the applicable statute of limitations. The Supreme Court held that a state court entertaining actions brought under Section 1983 should apply the state statute of limitations for personal injury actions most analogous to the particular 1983 claim, as long as the chosen limitation period is consistent with federal law and policy. The Supreme Court further held in *Wilson* that a state residual or catch-all limitations provision was inappropriate for 1983 actions.

The United States Supreme Court in *Owens v. Okure* (1989), 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594, modified *Wilson,* and held that:

" * * * Courts should resort to residual statutes of limitations only where state law provides multiple statutes of limitations for personal injury actions and the residual one embraces, either explicitly or by judicial construction, unspecified personal injury actions. * * * " *Id.* at 250, 109 S.Ct. at 582, 102 L.Ed.2d at 606, fn. 12.

■ The applicable statute of limitations is not R.C. 2305.10, which is two years. That provision applies to bodily injury or injury to personal property which is not pertinent herein. Equally inapplicable is R.C. 2305.11 which governs such actions as "libel, slander, malicious prosecution, or false impris-

onment." The general four-year statute of limitations included in R.C. 2305.-09(D) is applicable, and it states:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

"* * * *

"(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, inclusive, 2305.14 and 1304.29 of the Revised Code." See, also, *Woods v. Dayton* (S.D.Ohio 1983), 574 F.Supp. 689, affirmed (C.A. 6, 1984), 734 F.2d 17; *Schorle v. Greenhills* (S.D.Ohio 1981), 524 F.Supp. 821.

Therefore, even assuming that plaintiff's action accrued as early as August 1984, he filed his complaint in 1987, which is well within the four-year statute of limitations period set forth in R.C. 2305.09(D).

■ Thus, the question becomes whether the trial court erred in granting summary judgment as to plaintiff's constitutional claims. The complaint sets forth a claim for violation of plaintiff's due process rights involving the taking of an interest in his property without due process of law consisting of taking from him the right to use his property for the purpose for which he has used it for thirty-eight years, sixteen of which were prior to its annexation to Grove City. Plaintiff alleges that defendants have conspired to deny plaintiff the continued use of his property and have failed and refused to issue a license as one of the means to accomplish this alleged conspiracy. This supports a claim of a due process violation, *i.e.*, taking an interest in property without due process of law. Hence, there is a genuine issue of material fact concerning a violation of plaintiff's due process rights.

Plaintiff's first assignment of error is well taken.

■ Plaintiff claims in the second assignment of error that there is a genuine issue of material fact as to whether there was a violation of his constitutional right to equal protection under the United States Constitution. In his complaint and deposition testimony, the violations allegedly committed by plaintiff were allowed and agreed to by defendants concerning other junkyard and towing operations in the same area where plaintiff was doing business. Since plaintiff does not belong to a particular protected class, nor is a fundamental right at stake, an equal protection violation arises only where there is no rational basis for the governmental action. Defendants have advanced no evidence in support of their motion for summary judgment to rebut the above mentioned allegations in plaintiff's complaint or his deposition testimony. Hence, such allegations and testimony must be accepted as true.

There is a material question of fact as to whether there was discriminatory selective enforcement favoring one group of persons engaged in the same business as plaintiff, to the detriment of plaintiff, for which there is no rational basis. Consequently, since there is a material question of fact as to whether plaintiff's right of equal protection under the United States Constitution was violated, the second assignment of error is well taken.

Plaintiff's assignments of error are sustained. The judgment of the trial court is reversed, and the cause remanded to the trial court for further proceedings consistent with this opinion and in accordance with law.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and JOHN C. YOUNG, JJ., concur.