Theresa A. Fowler, plaintiff-appellant, appeals the March 16, 1999 judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of Carl Coleman, defendant-appellee.
On May 7, 1994, appellant's neighbor, Susan Durr, confronted appellant and accused her of being responsible for a hit-and-run accident in which Durr's car was damaged. After a brief verbal confrontation, Durr left, but she returned later and again accused appellant of being responsible for the hit-and-run. Durr then challenged appellant to a fist fight. Appellant contacted the Columbus Police Department regarding Durr's actions. In response to appellant's call, appellee, a Columbus Police Officer, arrived at the scene. While appellee spoke with Durr from inside his car, appellant approached Durr, and Durr and appellant began to argue verbally. This argument then escalated to a physical confrontation.
At this point, the parties' versions of the facts diverge. Appellant claims that when appellee swung open his cruiser door, it struck her, causing her to grasp the door to maintain her balance. Appellant also claims that after appellee exited his cruiser, he pushed her to the ground, causing her to break her ankle. Appellant also alleges that appellee then permitted Durr to kick her repeatedly as she lay on the ground.
Appellee, however, asserts that in the course of the altercation between appellant and Durr, Durr pushed appellant toward the front of the cruiser, causing appellant to fall to the ground. Appellee alleges that only after this happened did he exit his cruiser and step between appellant and Durr, while holding his arm out to restrain Durr from continuing to fight with appellant.
On May 6, 1996, Theresa A. Fowler filed a complaint against: "Carl Coleman (# 1653), c/o City of Columbus, Police Division, 120 Marconi Blvd., Columbus, OH 43215, Defendant." Appellant's sole claim for relief alleged a violation of Section 1983, Title 42 U.S. Code ("Section 1983"). On June 7, 1996, an answer was filed on behalf of appellee by the Columbus city attorney's office. On February 24, 1997, appellee filed a motion for summary judgment. In the motion for summary judgment, appellee cited certain federal cases and stated that in the absence of any express statement that the parties are being sued in their individual capacities, an allegation that the defendants were acting under color of law generally is construed as a suit against the defendants in their official capacities only, and, as such, the suit is against the governmental unit itself. Appellant had not stated she was suing appellee in his official or individual capacity but merely stated that at all times relevant, appellee was acting under color of state law.
On March 14, 1997, appellant filed a motion for leave to file an amended complaint instanter, which the trial court granted on March 17, 1997. Appellant stated such amended complaint was for the purpose of making it clear that appellee was being sued in his individual capacity and not in his official capacity. The attached amended complaint was essentially the same as the original complaint, except for the statement that appellee was being sued in his individual capacity.
On March 19, 1997, appellee filed a memorandum contra appellant's motion for leave to amend the complaint, asserting, in part, that a suit against appellee in his individual capacity was barred by the statute of limitations. On March 28, 1997, appellant filed her amended complaint and a memorandum contra appellee's motion for summary judgment. On April 7, 1997, appellee filed a reply to appellant's memorandum contra. On May 7, 1997, the trial court filed an entry finding appellee's motion for summary judgment was rendered moot by appellant's amended complaint. The trial court stated it would permit appellee to file an amended motion for summary judgment reinstating his contention that the amended complaint was time-barred. On May 23, 1997, appellee filed an amended motion for summary judgment in which he contended that appellant's claims against him in his individual capacity were barred by a two-year statute of limitations and that the amended complaint did not relate back to the filing of the original complaint.
On July 30, 1997, the trial court rendered its decision granting appellee's amended motion for summary judgment. The trial court found the suit was originally filed against appellee in his official capacity and that the amended complaint changed this to a suit against him in his individual capacity. The trial court further found that the Section 1983 claim was governed by the two-year statute of limitations in R.C. 2305.10 and that the amended complaint, filed March 14, 1997, did not relate back to the original complaint. Because the claim for relief arose on May 7, 1994, the amended complaint was not filed within the two-year statute of limitations in R.C. 2305.10.
On August 5, 1997, appellant filed a motion for reconsideration. On August 26, 1997, the trial court filed a judgment entry granting appellee's amended motion for summary judgment and dismissing the action with prejudice. The trial court denied appellant's motion for reconsideration on September 5, 1997. Appellant appealed to this court the trial court's decision granting appellee's amended motion for summary judgment.
In Fowler v. Coleman (Mar. 10, 1998), Franklin App. No. 97APE09-1156, unreported (1998 Opinions 475, 479), we reversed the trial court's judgment and remanded the case, finding:
 * * * Appellee failed to raise the affirmative defense of statute of limitations in a responsive pleading to the amended complaint. As a result, the defense was not before the court and is waived until such time, if ever, it is asserted via an answer to the amended complaint. * * *
Upon remand, appellant filed a motion for default judgment on March 16, 1998. On March 23, 1998, appellee filed a motion for leave to file an answer instanter to appellee's amended complaint, which the trial court granted on June 17, 1998. The trial court also overruled appellant's motion for default judgment as being moot.
On June 18, 1998, appellee filed a motion for summary judgment. On July 2, 1998, appellant filed a motion to reconsider the June 17, 1998 judgment granting appellant leave to file his answer instanter and a motion to recuse.
On February 1, 1999, the trial court issued a decision adopting its July 29, 1997 decision granting appellee's motion for summary judgment. The trial court filed its judgment granting appellee's motion for summary judgment on March 16, 1998. Appellant has appealed the March 16, 1998 judgment, asserting the following assignments of error:
I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN GRANTING OFFICER CARL COLEMAN'S MOTION FOR SUMMARY JUDGMENT PER ITS FINDING THAT OFFICER COLEMAN WAS SUED IN HIS "OFFICIAL CAPACITY" AND PLAINTIFF'S CLAIM WAS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.
 (a) The original complaint sued Officer Coleman in his individual capacity and the case was defended as such by Officer Coleman.
 (b) Plaintiff's amended complaint relates back to the original complaint filing per Civ.R. 15(C).
 (c) The proper statute of limitations for a 42 U.S.C. § 1983
claim is four years.
II. THE TRIAL COURT ABUSED ITS' [sic] DISCRETION IN ALLOWING DEFENDANT LEAVE TO FILE AN ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, SETTING FORTH THE AFFIRMATIVE DEFENSE OF STATUTE OF LIMITATIONS.
III. THE TRIAL COURT ERRED IN NOT SUSTAINING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT.
We must first address appellant's second assignment of error in order to address her other assignments of error. Appellant argues in her second assignment of error that the trial court abused its discretion in granting appellee leave to file an answer to her amended complaint. Ohio Civ.R. 6(B) states in pertinent part:
 When by these rules * * * an act is required * * * to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *.
It is well recognized that a court may permit the filing of an untimely answer where there is sufficient evidence of excusable neglect on the record. State ex rel. Lindenschmidt v.Butler Cty. Bd. of Commrs. (1995), 72 Ohio St.3d 464, 465; Evansv. Chapman (1986), 28 Ohio St.3d 132; Miller v. Lint (1980),62 Ohio St.2d 209, 214. The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds. Marion Production CreditAssn. v. Cochran (1988), 40 Ohio St.3d 265, 271. Further, a trial court's Civ.R. 6(B)(2) determination is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. Evans, at 135;Miller, at 213-214. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Rock v.Cabral (1993), 67 Ohio St.3d 108, 112. Accordingly, where a defendant, after failing to file a timely answer, files a Civ.R. 7(B)(1) motion setting forth grounds of excusable neglect pursuant to Civ.R. 6(B), the court may permit the defendant to file a timely answer, thereby permitting the case to proceed on its merits. Evans, at 135; Miller, at 214.
In the present case, appellee complied with the procedural requirements set forth in the civil rules. The granting of appellee's leave to file an answer must be upheld on appeal absent a showing that the trial court abused its discretion. The trial court cited three reasons for granting appellee leave to file an answer to the amended complaint: (1) the trial court's liberal policy in previously allowing appellant to file the amended complaint so close to trial; (2) the basic tenet that courts should decide cases on their merits; and (3) counsel for appellee averred in a sworn affidavit that appellee was never served with a copy of the court's decision or the entry granting appellant's motion for leave to file an amended complaint. Further, in its February 1, 1999 decision denying appellant's motion to reconsider the court's granting of appellee's motion for leave to file an answer, the trial court also stated that allowing appellee to file an answer to the amended complaint did not impede representation of appellant by her counsel because both parties continued to vigorously argue the merits of the case, and the absence of a timely answer did not give an unfair strategic advantage to appellee.
In considering all the facts and circumstances presented to the trial court, we find that the court did not abuse its discretion in allowing appellee to file an answer to the amended complaint. When a party answers out of rule but before a default is entered, if the answer is good in form and substance, a default should not be entered. Miami Sys. Corp. v. Dry Cleaning ComputerSys., Inc. (1993), 90 Ohio App.3d 181, 186; Mendise v. PlainDealer Publishing Co. (1990), 69 Ohio App.3d 721, 724; Suki v.Blume (1983), 9 Ohio App.3d 289. Further, given that cases should be decided on their merits whenever possible, we cannot say that the trial court erred in granting the motion for leave to file an answer to the amended complaint. Therefore, appellant's second assignment of error is overruled.
Appellant argues in her third assignment of error that the trial court erred in not sustaining her motion for default judgment. However, because we have found that the trial court did not err in granting appellee leave to file an answer to the amended complaint, appellant's third assignment of error is moot, and we decline to address it. App.R. 12(A)(1)(c).
Appellant argues in her first assignment of error that the trial court erred in granting summary judgment based upon the finding that actions pursuant to Section 1983 have a two-year statute of limitations, and, therefore, appellant's amended complaint naming appellee in his individual capacity was time-barred. Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-370. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court."Mergenthal v. Star Banc Corp. (1997), 122 Ohio App.3d 100, 103.
Because Section 1983 does not contain a statute of limitations, the proper statute of limitations to be applied is the personal injury statute of limitations in the state where the Section 1983 claim arises. Wilson v. Garcia (1985), 471 U.S. 261,105 S.Ct. 1938. If a state has multiple statutes of limitation for personal injury actions, the residual or general personal injury statute of limitations applies. Owens v. Okure (1989),488 U.S. 235, 236, 109 S.Ct. 573, 574.
Appellee asserts that the trial court correctly applied the two-year statue of limitations set forth in R.C. 2305.10(A) because that provision provides Ohio's "general" or "residual" statute of limitations for personal injury actions. R.C.2305.10(A) provides, in pertinent part, that "an action * * * for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues." Appellant argues that the trial court erred in applying the two-year statute of limitations contained in R.C. 2305.10(A) and that, rather, the four-year statute of limitations set forth in R.C. 2305.09(D) should be applied to Section 1983 claims. R.C. 2305.09(D), which is entitled, "Four years; certain torts," provides, in pertinent part:
 An action for any of the following causes shall be brought within four years after the cause of action thereof accrued:
* * *
 (D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10
to 2305.12, 2305.14 and 1304.35 of the Revised Code.
In Weethee v. Boso (1989), 64 Ohio App.3d 532, this court first determined that the four-year statute of limitations provided in R.C. 2305.09(D) was the proper statute of limitations for section 1983 actions. See, also, Bojac Corp. v. Kutevac
(1990), 64 Ohio App.3d 368. A number of other Ohio appellate courts have determined that the two-year statute of limitations provided in R.C. 2305.10 is the proper statute of limitations for Section 1983 claims. See State ex rel. Eckstein v. Midwest PrideIV, Inc. (1998), 128 Ohio App.3d 1; Gaston v. Toledo (1995),106 Ohio App.3d 66; Francis v. Cleveland (1992), 78 Ohio App.3d 593;Archer v. Payne (Sept. 17, 1999), Muskingum App. No. CT-98-0043, unreported; Erkins v. Cincinnati Mun. Police Dept. (Oct. 23, 1998), Hamilton App. No. C-970836, unreported; Harman v. Gessner
(Sept. 9, 1997), Mahoning App. No. 96 C.A. 123, unreported;Freshour v. Carroll (Aug. 17, 1989), Pickaway App. No. 88 CA 34, unreported.
Recently, however, in Prohazka v. Ohio State Univ. Bd.of Trustees (Dec. 16, 1999), Franklin App. No. 99AP-2, unreported (1999 Opinions 5710), we reexamined the issue and reiterated our belief that R.C. 2305.09 is the proper statute of limitations for Section 1983 actions. We reasoned that the express language of R.C. 2305.10 specifically limits its application to "bodily injury or injury to personal property," while R.C. 2305.09(D), in contrast, applies to all undelineated personal injury actions.Id. at 5727. By specifically limiting its application to only claims for product liability, bodily injury, or injury to personal property, R.C. 2305.10 cannot be said to provide the "general" or "residual" personal injury statue of limitations. Rather, R.C.2305.09(D), which provides the statute of limitations for all other injuries to a plaintiff not specifically covered by other specific Revised Code sections, is more properly said to contain the "general" or "residual" personal injury statute of limitations. Therefore, appellant's claim was subject to the four-year statute of limitations in R.C. 2305.09.
Because the conduct that gave rise to appellant's Section 1983 claim occurred on May 7, 1994, and her amended complaint was filed in March 1997, her amended complaint was filed within the four-year statute of limitations contained in R.C.2305.09. Thus, the trial court erred in granting summary judgment to appellee based upon the expiration of the statute of limitations. This determination renders the remaining arguments contained in appellant's first assignment of error moot. Therefore, appellant's first assignment of error is sustained.
For the foregoing reasons, appellant's first assignment of error is sustained, appellant's second assignment of error is overruled, appellant's third assignment of error is moot, and the judgment of the Franklin County Court of Common Pleas is reversed and remanded to the trial court for further consideration according to law and this opinion.
Judgment reversed; cause remanded.
BRYANT and DESHLER, JJ., concur.