OPINION
Although this appeal has been placed on the accelerated calendar, this Court elects to issue a full opinion pursuant to Loc.R. 12(5).
This appeal presents one assignment of error challenging the entry of Default Judgment against Defendant-Appellant:
 The trial court erred in granting the Plaintiff's Motion For Default Judgment on the complaint. The record demonstrates excusable neglect on the part of the defaulting parties owing to the withdraw (sic) of original counsel, due to a conflict of interest with the clients-defendants, thus showing excusable neglect.
The crux of Defendant-Appellant's, Thousand Adventures of Ohio, Inc., argument is that the trial court erred in not granting the Motion For Extension Of Time To Respond. Civ.R. 6(B)(2) allows a trial court, in its discretion, to extend the time within which an act must be done upon motion made after the expiration of the specified period where the failure to act was the result of excusable neglect. Such a motion is addressed to the sound discretion of the trial court and will not be disturbed upon appeal absent a showing of abuse of discretion. See, Miller v.Lint (1980), 62 Ohio St.2d 209, 214, 404 N.E.2d 752, 755; Evans v.Chapman (1986), 28 Ohio St.3d 132, 135, 502 N.E.2d 1012, 1016. Furthermore, the proper standard by which the trial court is required to analyze a request for leave to plead out of rule is, as set forth in the rule, that of excusable neglect. Id.; Miller,supra, at 214, 404 N.E.2d at 754-755. The determination of whether neglect was excusable or inexcusable "`must of necessity take into consideration all the surrounding facts and circumstances.'" Griffey v. Rajan (1987), 33 Ohio St.3d 75, 79,514, N.E.2d 1122, 1126, quoting Colley v. Bazell (1980), 64 Ohio St.2d 243,249, 416 N.E.2d 605, 609. Courts must also remain mindful of the admonition that cases should be decided upon their merits, where possible, rather than on procedural grounds.Griffey, supra, at 79 and 81, 514 N.E.2d at 1126 and 1127.
Turning to the instant case, there is no question that Defendant-Appellant failed to file an Answer or other responsive pleading within the time prescribed by the Ohio Rules of Civil Procedure. See, Civ.R. 12. In fact, Defendant-Appellant filed a Motion for Extension Of Time approximately forty-three (43) daysafter the date the Answer was due. The record discloses that Defendant-Appellant argued in this Motion that the failure to file a timely Answer was facilitated by Defendant-Appellant's prior counsel, Sara Daneman, requesting to withdraw as counsel and that such failure was therefore excusable neglect. Defendant-Appellant's argument however fails to address that time period between the date the Answer was due and the date Ms. Daneman filed the Motion To Withdraw As Counsel. That is, at the very latest, Defendant-Appellant's Answer was due on August 2, 1999. The Motion To Withdraw As Counsel was not filed until August 27, approximately twenty-five (25) days after the due date for the Answer. Although under certain circumstances neglecting to file a timely responsive pleading may be excused on the grounds that counsel withdrew, in light of all the facts and circumstances of the present case, we discern no abuse of discretion on the part of the trial court in concluding that there was no excusable neglect such that an extension of time would be warranted.
Finally, and of significance, is the fact that Defendant-Appellant failed to file a motion for extension of timebefore Plaintiff-Appellee filed its Motion for Default Judgment. The Ohio Supreme Court, in Evans v. Chapman, found it significant that no default motion was pending at the time the appellee therein filed a Civ.R. 6(B) motion for leave to file an answer brief instanter. Id. at 135, 502 N.E.2d at 1016. In explainingChapman, the Supreme Court in Marion Credit Assn. v. Cochran
(1988), 40 Ohio St.3d 265, 533 N.E.2d 325, recognized that "[a]lthough a party is under no obligation to seek a judgment by default upon a counterclaim where no reply thereto has been filed, it cannot be denied that a decision not to seek such a judgment, for whatever reason, weighs in favor of granting leave to reply. Until a motion for default is filed, it is presumed that the complaining party is not entitled to a default judgment, which fact serves to enlarge the discretion of the trial court to allow a delayed responsive pleading." Id. at 272. It follows then that the converse is as equally compelling. That is, when a motion for default judgment has been filed and thereafter a motion for extension of time within which to file an answer is filed, the decision to seek default judgment prior to the filing of the motion for extension serves to narrow the discretion of the trial court to allow a delayed responsive pleading. In the present case, Plaintiff-Appellee waited approximately twenty-one (21) days after the date the Answer was due to file a Motion for Default Judgment. There is no question that Defendant-Appellant waited until well after Plaintiff-Appellee filed the Motion for Default Judgment to file its Motion For Extension Of Time To Respond. In fact, the Motion For Extension Of Time was filed approximately twenty-two (22) days after Plaintiff-Appellee's Motion for Default Judgment was filed.
In light of the undisputed noncompliance with the Ohio Civil Rules, the absence of excusable neglect for such noncompliance, and the fact that Defendant-Appellant failed to file a Motion For Extension Of Time until approximately twenty-two (22) days after Plaintiff-Appellee filed its Motion for Default Judgment, we discern no abuse of discretion by the trial court in denying Defendant-Appellant's Motion For Extension Of Time To Respond. It follows then, because Defendant-Appellant in fact failed to plead or otherwise defend as provided by the Ohio Rules of Civil Procedure, the trial court did not err in granting Plaintiff-Appellee's Motion For Default Judgment. See, Civ.R.55.
Finding no error prejudicial to Defendant-Appellant, in the particulars assigned and argued, for the reasons indicated in the foregoing opinion, we affirm the judgment of the Common Pleas Court of Wyandot County.
Judgment affirmed.
 HADLEY, P.J., and SHAW, J., concur.