DECISION AND JOURNAL ENTRY
Appellant East Ohio Gas Company has appealed from the judgment of the Summit County Court of Common Pleas granting a second default judgment in favor of Appellees Michael A. Eady and Rene A. Hushea. This Court affirms.
 I.
On December 5, 1997, Appellees Michael A. Eady and Rene A. Hushea filed a complaint against Appellant East Ohio Gas Company, seeking a declaratory judgment. Specifically, the complaint sought a declaration of the extent of an easement which Appellant holds, granting it a right of way over Appellees' property. Service of the complaint was had on December 15, 1997.
On January 16, 1998, Appellees moved the trial court for default judgment. Six days later, Appellant filed a "Motion for Leave to File Answer Instanter." On February 3, 1998, the trial court granted Appellees' motion and entered a default judgment against Appellant.
On March 2, 1998, Appellant invoked Rules 55(B) and 60(B) of the Ohio Rules of Civil Procedure and moved the trial court to set aside the default judgment. Appellees filed an objection to which Appellant responded. Subsequently, on April 22, 1998, the trial court vacated its February 3, 1998 default judgment.
On October 14, 1998, the trial court issued an order noting that Appellant had not filed an answer. The court then ordered Appellees to file a second motion for default judgment or face a dismissal for lack of prosecution. On October 20, 1998, Appellees complied and filed their second motion for default judgment. Their motion was granted on November 4, 1998.
On April 5, 1999, the trial court held a hearing to determine damages and subsequently entered a final order granting the relief prayed for in Appellees' complaint. Appellant timely appealed, asserting two assignments of error.
 II.
First Assignment of Error
 The trial court erred in granting [Appellees'] motion for default judgment on the ground that [Appellant] had failed to plead or otherwise defend, because the record reflects that an answer was filed.
For his first assignment of error, Appellant has essentially argued that the trial court committed plain error when it expressly held that Appellant had failed to file an answer and therefore granted Appellees' second motion for default judgment. Appellant has reached this conclusion based on the following: (1) Appellant had filed a motion for leave to file an answer instanter; (2) it had attached to that motion, as an exhibit, its purported answer; (3) the trial court subsequently set aside its first entry of default; and, (4) that as a result of that vacation, the answer/exhibit became operative as a responsive pleading. This Court disagrees.
On January 16, 1998, the day after Appellant's answer was due, Appellees filed their first motion for default judgment. Appellant responded by filing a "Motion for Leave to File an Answer Instanter." The trial court granted the default judgment. That order was subsequently vacated on April 22, 1998. Nevertheless, the trial court, finding that Appellant had failed to file an answer, granted Appellees another default judgment. Thus, the issue before this Court resolves to whether the trial court's grant of default judgment and subsequent vacation of that grant operates as a grant of Appellant's motion for leave to file an answer instanter. This Court answers this query in the negative.
Contrary to Appellant's position, an answer attached as an exhibit to a motion for leave to file instanter does not become operative as a pleading, absent an express statement by the trial court. Pollack v. Watts (Aug. 10, 1998), Fairfield App. No. 97CA0084, unreported, 1998 Ohio App. LEXIS 4052, at *8. A trial court may vacate a previous judgment for excusable neglect without granting a party's motion for leave to file an answer instanter. The vacation of a judgment and the grant of a motion for leave to file are two separate concepts.[1] As such, the vacation of a default judgment on the grounds of excusable neglect does not automatically grant a party leave to file an answer instanter.
As Appellant stated in its brief, the record clearly demonstrates that Appellant filed its answer, but only as an exhibit to its motion for leave to file. The trial court's vacation of its first entry of default judgment in no way transforms the purported answer into an operative pleading. An express statement granting Appellant's motion for leave to file is not in the record, and as such, the motion is presumed to have been overruled.[2] Maust v. Palmer (1994), 94 Ohio App.3d 764,769. This Court concludes, therefore, that Appellant failed to file an operative answer and that the trial court properly entered a default judgment on November 4, 1998. Appellant's first assignment of error is overruled.
Second Assignment of Error
 The trial court erred in denying [Appellant's] successive motions for leave to file an answer instanter, given the trial court's express finding [that Appellant's] delay in pleading was the result of excusable neglect, sufficient to require relief from judgment pursuant to Civ.R. 60(B)(1).
For its second assignment of error, Appellant has essentially suggested that its successive motions for leave to file an answer instanter were improperly denied on April 5, 1999, as the trial court's finding of excusable neglect on April 22, 1998 should negate Appellant's subsequent failure to answer. This Court is not persuaded.
Civ.R. 6(B)(2) states, in pertinent part:
 [T]he court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *.
The Supreme Court of Ohio has held that such a motion is addressed to the sound discretion of the trial court and will not be disturbed upon appeal absent a showing of abuse of discretion. Marion Production Credit Ass'n v. Cochran
(1988), 40 Ohio St.3d 265, 271, citing Miller v. Lint (1980),62 Ohio St.2d 209, 214 and Evans v. Chapman (1986), 28 Ohio St.3d 132,135; Brooks v. Progressive Specialty Ins. Co. (July 20, 1994), Summit App. No. 16639, unreported, at 3. On the other hand, when a trial court reviews a request for leave to plead out of rule, it must determine whether the movant has demonstrated excusable neglect.Marion Production, 40 Ohio St.3d at 271. The determination of whether neglect was excusable or inexcusable necessarily involves consideration of all the surrounding facts and circumstances.Id.
In the case at bar, at the time Appellant orally moved the trial court to file an answer instanter, over a year had passed since it had been served, and yet it had not filed an appropriate answer. In light of the trial court's October 14, 1998 order, Appellant was clearly on notice that it had not filed an answer. Finally, it failed to respond to Appellees' second motion for default judgment prior to the trial court's entry. Thus, the trial court's decision to deny Appellant's motion for leave to file an answer instanter during the April 5, 1999 hearing was not so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. See Rock v. Cabral (1993), 67 Ohio St.3d 108,112. Appellant's second assignment of error is overruled.
 III.
Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant. Exceptions.
 _____________________________ BETH WHITMORE, FOR THE COURT.
SLABY, P.J. and BATCHELDER, J. CONCUR.
[1] This is not to say, however, that a trial court could not, in a single entry, vacate a default judgment and expressly grant such a motion.
[2] This Court also notes that if Appellant had any doubts about the operation of the trial court's vacation dated April 22, 1998 and the legal impact thereof, Appellant surely was on notice that it had failed to file an answer after October 14, 1998. On that date, the trial court entered an order requiring Appellee to file a motion for default judgment because Appellant had failed to file an answer.