# FLORA–BURNETT

v.

# OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.

Court of Claims of Ohio.

No. 98–01949.

Decided July 12, 2000.

*Raymond J. Masek,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *Larry Y. Chan,* Assistant Attorney General, for defendant.

FRED J. SHOEMAKER, Judge.

Plaintiff, Susan Flora–Burnett, asserts claims of civil conspiracy and intentional interference with contractual advantage against defendant. This case was tried to the court on the sole issue of liability. Defendant denies liability. At the close of plaintiff's case, defendant moved to dismiss pursuant to Civ.R. 41(B). The court granted defendant's motion as to the civil conspiracy claim only. Therefore, defendant's alleged intentional interference with plaintiff's contractual advantage is the sole issue remaining before this court.

In October 1996, plaintiff worked as a residential treatment unit therapist for Correctional Medical Services ("CMS"), a company that contracted with defendant to perform medical and psychiatric services at Trumbull Correctional Institution ("TCI"). Although plaintiff was an employee of CMS, she was supervised by employees of both CMS and defendant. TCI was the only institution in Ohio with which CMS contracted.

On October 11, 1996, Sergeant Aigler of TCI asked plaintiff to inform inmate Maurer that his mother had died. Plaintiff had previously counseled Maurer and felt that the news of his mother's death would be very traumatic for him. Maurer was to be transported to an isolation cell in the medical building to be informed of the death. Plaintiff went to Maurer's cell and asked Corrections Officer ("CO") Probst to unlock the cell door so that she could take Maurer to the medical building. An argument ensued between plaintiff and Probst because Probst had been instructed to escort Maurer in handcuffs to the infirmary and secure him in an isolation cell. Against Probst's wishes, plaintiff walked Maurer to the medical building without an escort, handcuffs, or a patdown search. Once inside the medical building, plaintiff, in the presence of Sergeant Aigler, informed Maurer that his mother had died. Maurer started to cry. In an effort to console Maurer, plaintiff put her hand on his knee, rubbed his shoulders and back, and patted his hand. After Maurer calmed down, he was secured in an isolation cell in the medical building.

After the interaction with Maurer, Dave Hart, plaintiff's supervisor from CMS, asked plaintiff to write an incident report regarding her physical contact with Maurer. On October 28, 1996, plaintiff was placed on leave from her position with CMS and was not authorized to enter TCI without approval of the warden. On November 6, 1996, defendant revoked plaintiff's security clearance to TCI. As a result, plaintiff could no longer perform her duties with CMS in Ohio. Plaintiff would have been required to move out of state to retain a position with CMS, and she chose not to relocate.

Plaintiff alleges that defendant intentionally interfered with her employment contract with CMS by revoking her security clearance. Defendant denies liability and asserts that plaintiff's claim should be barred by the statute of limitations.

■ The court finds that the applicable statute of limitations, under R.C. 2743.16(A), for a claim of interference with business interests is two years. See R.C. 2305.09(D); *Weethee v. Boso* (1989), 64 Ohio App.3d 532, 582 N.E.2d 19. The actions that give rise to plaintiff's complaint occurred on October 11, 1996, and the complaint was filed with this court on January 30, 1998, well within the applicable statute of limitations.

■ In order to recover on a claim of intentional interference with a contractual relationship, plaintiff must prove "(1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages." *Kenty v. Transamerica Premium Ins. Co.* (1995), 72 Ohio St.3d 415, 650 N.E.2d 863, paragraph two of the syllabus. Tortious interference does not lie where the defendant is an agent (employee) of the principal (employer) and he or she acts within the scope of his or her duties. *Anderson v. Minter* (1972), 32 Ohio St.2d 207, 213, 61 O.O.2d 447, 450, 291 N.E.2d 457, 461.

■ Defendant's inspector of institutional services investigated plaintiff's conduct regarding inmate Maurer and concluded that she had violated its policy in three ways. First, by escorting Maurer across the yard without assistance from security staff, she violated Rule 8 (the exercise of poor judgment in carrying out an assignment) and Rule 37 (actions that could harm or potentially harm the employee, fellow employee, or a member of the general public). Second, her physical contact with Maurer violated Rule 7 (failure to follow post orders, administrative regulations, policies, procedures or directives; cf. Ohio Adm.Code 5120–9–04) and Rule 8. Third, her verbal altercation with CO Probst violated Rule 12 (making abusive statements toward or concerning another employee). As a result of the investigation, the inspector of institutional services recommended that plaintiff not return to TCI.

Defendant's policies are in place to protect the safety of its inmates and employees. It is within defendant's authority to revoke the security clearance of someone who has violated those policies. Based upon the foregoing, the court finds that plaintiff has failed to prove two essential elements of her cause of action, namely, the wrongdoer's intentional procurement of the contract's breach, and the lack of justification. Therefore, the court finds that plaintiff has failed to prove by a preponderance of the evidence that defendant intentionally interfered with her contractual relationship with CMS. Judgment shall be rendered in favor of defendant.

*Judgment for defendant.*

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.