OPINION
On November 5, 1999, a magistrate of the small claims division of Dayton Municipal Court entered a decision in favor of Plaintiff, Dover Coots, awarding him a judgment in the amount of $1,600 against Defendant, Jerry Glazer, dba Marvel Tool, Inc., on Plaintiff's claim for unpaid wages.
Ten days after the magistrate's decision was entered, on November 15, 1999, Defendant Glazer requested a transcript of the proceedings before the magistrate and asked the court for an extension of time in which to file objections pursuant to Civ.R. 53. The court granted a continuance that same date, until December 6, 1999.
On December 6, 1999, the transcript having not yet been prepared, Defendant requested an additional extension of time in which to file objections. The following day, December 7, 1999, the court granted Defendant "an extension of time in which to file his objection in the above-captioned matter until transcript has been prepared."
A transcript of the proceedings before the magistrate was filed on January 7, 2000. Three months later, on April 10, 2000, Plaintiff Coots moved to adopt the magistrate's decision, no objection by Defendant having yet been filed. Thereafter, on April 24, 2000, Defendant filed his objections. Plaintiff moved to strike the objections as untimely on May 3, 2000. The court subsequently granted Plaintiff's motion on June 7, 2000, striking Defendant's objections and adopting the magistrate's decision.
Defendant Glazer filed a timely notice of appeal. He presents a single assignment of error, which states:
 THE TRIAL COURT ERRED IN STRIKING APPELLANT'S OBJECTIONS AS UNTIMELY AND ADOPTING THE MAGISTRATE'S DECISION WHEN A MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS WAS GRANTED AND NO DUE DATE FOR STATED.
Civ.R. 53(E)(4)(b) states, inter alia: "The court shall rule on any objections." That provision is mandatory. However, per division (3)(a) of the same rule, objections must be filed within fourteen days of a magistrate's decision. That period may be enlarged by the court pursuant to Civ.R. 6(B) for good cause shown, if a request to extend the time is filed within the same fourteen days. The decision to grant the request is committed to the court's sound discretion. State ex rel. Kroger Co. v. Industrial Commission of Ohio (1980), 62 Ohio St.2d 4. The court's decision in that regard will be reversed only for an abuse of discretion. Evans v. Chapman (1986), 28 Ohio St.3d 132.
Defendant's motion to enlarge the fourteen days within to file objections was filed within that time. The court reasonably granted an extension of time to object, until a transcript was filed. The issue presented is whether that order likewise and necessarily prevented the court from striking the objections which were then filed, because Civ.R. 53(E)(4)(b) requires the court to "rule on any objections."
If the court is not required by Civ.R. 6(B) to enlarge a time period for which another civil rule provides, neither is it required to continue indefinitely an enlarged period of time it has granted. Here, when the court granted Plaintiff's motion to strike the Defendant's objections it noted that the objection was filed "some 108 days after the filing of the transcript." Inasmuch as the court had granted the extension until a transcript was prepared and filed, the court could reasonably conclude that Defendant had failed to comply with the requirements of its enlargement order, especially as Defendant offered no explanation for the delay which ensued after the transcript was filed. Therefore, no abuse of discretion is demonstrated.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
 ________________ GRADY, J.
WOLFF, P.J. and YOUNG, J., concur.