DECISION
This is an appeal by defendant-appellant, Margaret Kirk, from a judgment of the Franklin County Municipal Court awarding damages to plaintiff-appellee, Faith Electric Company, following the trial court's prior entry of default judgment in favor of plaintiff as to the issue of defendant's liability.
On May 27, 1998, plaintiff filed a complaint, alleging that defendant owed plaintiff the sum of $1,175 "for goods and services rendered at a residential property known as 3062 Rock Fence Drive, Columbus, Ohio on or about October 20, 1997." On July 13, 1998, defendant filed an answer and counterclaim.
On July 20, 1998, plaintiff filed a motion to strike defendant's answer and counterclaim, asserting that the pleadings were filed out of rule. By entry filed August 14, 1998, the trial court sustained plaintiff's motion to strike.
On September 21, 1998, plaintiff filed a motion for default judgment and for sanctions. On October 2, 1998, defendant filed a motion for leave to file an answer and counterclaim. On that date, defendant also filed a motion to strike plaintiff's motion for default judgment and for sanctions, and a motion for reconsideration of the trial court's entry sustaining plaintiff's motion to strike defendant's answer and counterclaim.
By entry filed March 31, 1999, the trial court overruled defendant's motion for leave to file an answer and counterclaim, denied defendant's request for reconsideration, and overruled defendant's motion to strike plaintiff's motion for default judgment and sanctions. The court further sustained plaintiff's motions for default judgment and sanctions, and rendered judgment in favor of plaintiff, "with damages to be determined at a later hearing." The court ordered that plaintiff's counsel be awarded sanctions in the amount of $160. By judgment entry filed September 15, 2000, the trial court found that plaintiff was entitled to damages in the amount of $1,000, plus costs.
On appeal, defendant sets forth the following two assignments of error for review:
 I. The trial court abused its discretion in denying appellant leave pursuant to Civ.R. 6(B)(2) to file her answer and counterclaim four days out of rule, when no motion for default judgment at that time had been filed.
 II. The trial court erred in failing to provide notice and a hearing on appellee's motion for default judgment, pursuant to Civ.R. 55(A).
At the outset, we note that plaintiff has failed to file a brief in this appeal. Pursuant to App.R. 18(C), this court "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
Under the first assignment of error, defendant asserts that the trial court erred in failing to grant defendant leave to file her answer and counterclaim when, at the time defendant filed her answer, a motion for default judgment was not pending.
As noted under the facts, plaintiff filed its complaint on May 27, 1998. The record indicates that, although service of the complaint was initially attempted by certified mail, the certified mail receipt was returned unclaimed. Consequently, service of the complaint was made by ordinary mail on June 11, 1998. Defendant filed an answer and counterclaim on July 13, 1998. Defendant acknowledges that, pursuant to Civ.R. 4.6(D), she was required to file an answer within twenty-eight days after the date of mailing (i.e., by July 9, 1998).
Civ.R. 6(B) states in relevant part:
 When by these rules *** an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion *** upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect ***.
Thus, "[i]f a defendant moves for leave to answer after the date the answer is due, Civ.R. 6(B)(2) permits the trial court to grant the defendant's motion upon a showing of excusable neglect." Brooks v. Progressive Specialty Ins. Co. (July 20, 1994), Summit App. No. C.A. 16639, unreported. A trial court's determination whether neglect is excusable or inexcusable "must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than [on] procedural grounds." Fowler v. Coleman (Dec. 28, 1999), Franklin App. No. 99AP-319, unreported. Furthermore, "a trial court's Civ.R. 6(B)(2) determination is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion." Id.
Ohio courts have held that "[w]here a party pleads before a default is entered, though out of time and without leave, if the answer is good in form and substance, a default should not be entered as long as the answer stands as part of the record." Suki v. Blume (1983), 9 Ohio App.3d 289,290. See, also, Fowler, supra ("[w]hen a party answers out of rule but before a default is entered, if the answer is good in form and substance, a default should not be entered"). In Evans v. Chapman (1986), 28 Ohio St.3d 132, 135, the Ohio Supreme Court held that a trial court did not err in granting appellee's motion for leave to file an answer brief over thirty days late, "especially in light of the fact that no default motion was pending at the time." See, also, Marion Production Credit Assn. v. Cochran (1988), 40 Ohio St.3d 265, 272 ("of great importance, is the fact that the [plaintiffs] failed to file their motion for default until after [defendant] pointed out the lack of a reply in its motion *** for leave to file a reply instanter. *** Until a motion for default is filed, it is presumed that the complaining party is not entitled to a default judgment, which fact serves to enlarge the discretion of the trial court to allow a delayed responsive pleading").
In Speaks v. Anderson (Jan. 21, 1988), Franklin App. No. 87AP-780, unreported, defendants were granted leave to file an answer thirteen days beyond the due date. The plaintiff subsequently filed a motion for default judgment, which the trial court overruled. In Speaks, this court, citing Evans, supra, rejected plaintiff's contention on appeal that the trial court erred in overruling the motion for default judgment, holding in part:
 *** There was no pending motion for default judgment. The time in default was rather short, being thirteen days at most. There was a statement in the memorandum which would, within the discretion of the trial court, constitute just cause for late filing even though the defense counsel may have been neglectful. *** Had default judgment been granted, it would probably have been an abuse of discretion for the trial court to deny defendants relief from default judgment pursuant to Civ.R. 60(B), based upon excusable neglect since the record does not demonstrate in any respect a complete disregard for the legal system. ***
As previously noted, under the facts of the instant case, defendant filed her answer on July 13, 1998, four days beyond the required filing date. At the time the answer was filed there was no pending motion for default judgment, as plaintiff did not file its motion for default judgment until September 21, 1998. Further, the time in default (four days) was less than in Speaks, and defendant's explanation for the late filing (that she mistakenly believed she was within twenty-eight days of receipt of the summons) indicates an oversight that would constitute excusable neglect. See Brooks, supra (defendant's "four-day miscalculation of the answer date was the type of oversight or clerical error that the trial court could consider excusable neglect"). Finally, the record fails to suggest prejudice to plaintiff as a result of defendant's four-day delay in filing her answer. Based upon the record before us, we conclude that the trial court abused its discretion in failing to grant defendant's motion for leave and in granting plaintiff's motion for default judgment, and we therefore vacate the trial court's judgment. Moreover, because the record supports a finding of excusable neglect, we direct the trial court on remand to allow defendant to file her answer and counterclaim.
Accordingly, defendant's first assignment of error is sustained.
Under her second assignment of error, defendant asserts that the trial court erred in failing to provide required notice and a hearing on plaintiff's motion for default judgment, pursuant to Civ.R. 55(A). Although this assignment of error appears to have merit, in light of our disposition of the first assignment of error, defendant's second assignment of error is rendered moot.
Based upon the foregoing, defendant's first assignment of error is sustained, the second assignment of error is rendered moot, the judgment of the trial court is vacated and this matter is remanded to the trial court for further proceedings in accordance with law and consistent with this decision.
 _______________ DESHLER, J.
TYACK and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.